IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DORIAN K. WIGGINS**                                                                      **PETITIONER**

v.                              NO. 4:23-cv-01117-LPR-PSH

**UNITED STATES OF AMERICA**                                                   **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Dorian K. Wiggins ("Wiggins") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he challenges his pre-trial detention in another case, United States v. Wiggins, 4:22-cr-00175-DPM, an on-going criminal case. It is recommended that the case at bar be dismissed sua sponte because the case appears to be a re-filing of Wiggins v. Does, 4:23-cv-00686-DPM, and, in any event, habeas relief is not warranted in this instance.

The record reflects that in June of 2022, Wiggins was charged in 4:22-cr-00175-DPM with drug and firearm offenses. Wiggins was detained on the order of United States Magistrate Judge J. Thomas Ray because Wiggins poses a danger to the safety and welfare of the community, and there are no conditions that will reasonably assure the safety and welfare of the community were he released. Despite being represented by counsel, Wiggins filed a pro se appeal of the order. United States District Judge D.P. Marshall Jr. denied the appeal.

Wiggins filed two motions for continuance in 4:22-cr-00175-DPM, both of which were granted. The trial in 4:22-cr-00175-DPM is now scheduled to begin on March 25, 2024.

In July of 2023, Wiggins began 4:23-cv-00686-DPM by filing a complaint pursuant to 42 U.S.C. 1983. Wiggins alleged in the complaint that because he was not afforded effective representation, he was denied due process and wrongly denied pre-trial release in 4:22-cr-00175-DPM. Judge Marshall dismissed 4:23-cv-00686-DPM because Wiggins failed to state a claim for relief. Wiggins then filed a motion for habeas corpus in 4:23-cv-00686-DPM. In the motion, he alleged that he was denied the opportunity to present evidence supporting his pre-trial release in 4:22-cr-00175-DPM. He joined the motion with a request for reconsideration. Judge Marshall denied the motions in November of 2023, finding the following:

> Wiggins has moved the Court to reconsider and for *habeas* relief. As requested, the Court has taken another look at Wiggins' case.
>
> At their core, Wiggins' new papers contest the validity of his federal charges and his continued detention on those charges. Wiggins must, however, fight these fights in his main case. Nothing prevents his presentation of any constitutional challenge, through counsel, in that case. So, there is no need for *habeas* relief. And pre-trial detention issues can always be examined there, too. Wiggins may not pursue separate litigation in this case of issues presented by his pending criminal charges.

See Wiggins v. Doe, 4:23-cv-00686-DPM, Docket Entry 10 at CM/ECF 1 (italics in original). Wiggins has not appealed Judge Marshall's order.

Wiggins eventually filed a motion for detention hearing in 4:22-cr-00175-DPM. In September of 2023, United States Magistrate Judge Edie R. Ervin denied the motion, and Wiggins remains detained while he awaits trial in 4:22-cr-00175-DPM.

In November of 2023, Wiggins began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.[1] In the petition, he challenged his continued detention in 4:22-cr-00175-DPM on the ground that his right to due process was violated. Wiggins specifically maintained that he was denied discovery, he was prevented from rebutting what he characterized as harmful statements, he was denied the opportunity to present a defense, and the reasons justifying his continued detention have no basis in law or fact.

The undersigned has now reviewed the case at bar as required by the rules governing habeas corpus cases in the United States District Courts. Although the undersigned recognizes that sua sponte dismissals are disfavored, service of process should not be ordered but this case should instead be dismissed for the reasons that follow.

---

[1] Wiggins failed to join his petition with the five dollar filing fee or, alternatively, file a motion for leave to proceed in forma pauperis. Because the undersigned recommends that this case be dismissed sua sponte, the undersigned will not address his failure to join his petition with the filing fee or, alternatively, file a motion for leave to proceed in forma pauperis.

First, the case at bar appears to be nothing more than a re-filing of 4:23-cv-00686-DPM. As in that case, here, Wiggins challenges his continued detention in 4:22-cr-00175-DPM on due process grounds. Although the facts underlying the claims in the two cases are somewhat different, the facts are substantially similar and form the basis for the relief he repeatedly requests: his continued detention in 4:22-cr-00175 is unjustified, and he should be released prior to trial.

Second, notwithstanding the foregoing, habeas relief is not warranted in this instance. As Judge Marshall found in 4:23-cv-00686-DPM, nothing prevents Wiggins from challenging his pre-trial detention and doing so, through counsel, by means of a motion in 4:22-cr-00175-DPM. Wiggins may not pursue separate litigation for issues that are more appropriately raised and addressed in the on-going criminal case.

It is for these reasons that service of process should not be ordered and this case should be dismissed <u>sua sponte</u>. Judgment should be entered for respondent United States of America.[2]

---

[2] Judge Marshall directed the Clerk of the Court to send a copy of the order denying Wiggins' motion for habeas corpus in 4:23-cv-00686-DPM to his attorney in 4:22-cr-00175-DPM. Judge Marshall appears to have done so because, in the same order, he also scheduled a hearing on the lawyer-client relationship in 4:22-cr-00175-DPM. It is unnecessary to send a copy of this Report and Recommendation to Wiggins' attorney in 4:22-cr-00175-DPM as nothing is being scheduled.

DATED this 4th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE